IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANA CECILIA HALPIN,
FRANK EDWARD SWANSON,
and DONALD EUGENE HALPIN,

    Plaintiff,

vs.                              Case No. 4:06cv457-RH/WCS

MONICA DAVID, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

On April 4, 2008, Plaintiff Donald Halpin filed a "motion for court order," doc. 79, which was deemed to be, in reality, a motion for preliminary injunction. The motion seeks assistance in preventing "the Defendants and their agents at Hardee Correctional Institution from denying [Plaintiff Donald Halpin] access to the co-plaintiffs, Ana Cecilia Halpin and Frank Edward Swanson." *Id.* Plaintiff contends that mail which should be provided to him at Hardee Correctional Institution is being rejected by prison officials there. *Id.*

An order was entered on April 23, 2008, directing the Defendant Secretary of the Department of Corrections to file a response to the motion. Doc. 81. After being given an enlargement of time, docs. 83-84, the Secretary has responded. Doc. 85.

In addressing this motion, it is noted that Plaintiffs have been given until June 13, 2008, to file their Second Amendment Complaint.  Doc. 80.  Thus, the precise claims of Plaintiffs are unknown at this point in time, as they will be both expanded by adding retaliation claims and limited by the prior report and recommendation and the adopting order.  Docs. 68, 76.

**Allegations of the motion, doc. 79**

Plaintiff Donald Halpin states that under the Florida Administrative Code, specifically Rule 33-210.101(2)(b), mail being sent to a prison should not have more than five pages of enclosures, an exception being provided for legal or medical issues.  Doc. 79, p. 1.  Plaintiffs contend that prior approval from the warden is needed for this exception, but that Plaintiff Donald Halpin's incoming mail is being rejected and returned, and that a notice of rejection has not even been provided to the Plaintiffs.  *Id.*, at 2.  Plaintiff contends the mail is returned because prison officials do not like the "the conversation Inmate Halpin and Mrs. Halpin had concerning the return of legal and medical documents . . . ."  *Id.*  Plaintiffs, thus, seek an order permitting them to correspond as provided by Rule 33-210.101(2)(b).  *Id.*

**Reply from Secretary McNeil, doc. 85**

The Defendant Secretary of the Florida Department of Corrections, Walter A. McNeil, has filed a response arguing that Plaintiff Halpin has not met the prerequisites for injunctive relief.  Doc. 85.  Defendant explains in part that Rule 33-210.101(2)(b) does not mean that a prior request to exceed the page limitation is *not* needed in the case of sending legal or medical materials to a prisoner.  Rather, the portion of the rule on that point is explaining that the "rule intends for exceptions to be limited to legal,

medical or other significant issues materials."  Doc. 85, p. 6.  There is still discretion in deciding whether to approve a request, and a request must still be made.  *Id.*

**Analysis**

Plaintiff Donald Halpin is litigating his claims with family members who are not in prison.  Plaintiffs will probably need to send more than five pages to Donald Halpin during the litigation of this case.  For example, Plaintiffs are preparing a second amended complaint that must be signed by all Plaintiffs.

But the Rule[1] states that inmates can receive up to 5 pages of "additional written materials" in routine mail.  The mail at issue here is "routine" mail because it is not coming to or from the Court or an attorney.  The relevant provision of the Rule states:

> Requests to send enclosures of greater than five pages shall be made to the warden or his designee prior to sending the material.  Exceptions to the five page limitation are intended for enclosures concerning legal, medical, or other significant issues, and not for material for general reading or entertainment purposes.  The warden shall advise the sender and the mail room of his approval or disapproval of the request.

FLA. ADMIN. CODE R. 33-210.101(2)(b).  Prior approval is needed to exceed the page limitation.  The exception is not automatic and, logically, must require prior approval or any person could send anything through the mail and violate the rule claiming it contains legal issues.  Plaintiff Halpin has not provided the Court with an inmate request showing that approval was denied.  Plaintiff has also not shown that the requirements of the rule were followed.  Thus, irreparable injury has not been shown and injunctive relief is not warranted.

---

[1] Defendant cites the entire rule on page 6 of the Response.  Doc. 85, p. 6.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff Donald Halpin's motion for court order, doc. 79, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2008.


     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**