# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANA CECILIA HALPIN, et al.,

       Plaintiffs,

v.                                CASE NO.  4:06cv457-RH/WCS

MONICA DAVID, et al.,

       Defendants.

_____/

## ORDER DENYING MOTION FOR COURT ORDER

This matter is before the court on the magistrate judge's report and recommendation (document 87) and the plaintiff's objections (document 91).  I have reviewed *de novo* the issues raised by the objections.

The plaintiff seeks a court order — in effect, a preliminary injunction — requiring the Department of Corrections to allow him to receive mail with enclosures exceeding five pages.  The Department's rules provide that enclosures may not exceed five pages unless the inmate seeks and the Department provides advance approval.

The plaintiff says he sometimes needs to receive enclosures exceeding five

pages in connection with ongoing litigation.  That seems correct.  But so far as this record reflects, the plaintiff has been allowed to receive enclosures exceeding five pages, with only two exceptions.

On one occasion, the plaintiff did not seek advance approval.  The Department blocked the enclosures, precisely in accordance with its policy.

On the other occasion, the plaintiff sought advance approval to receive medical records, saying he needed them for transmission of the pertinent portion to his attorney.  The Department's initial response denied the request, saying the plaintiff should arrange for the records to be sent directly to the attorney, without being sent into and then out of the facility.  The obvious flaw in that reasoning is that the plaintiff wished to review the records and send only the pertinent portion to the attorney.  That seems reasonable.  But the plaintiff is not entitled to relief on this basis in this court.  At least so far as this record reflects, the plaintiff failed to exhaust his remedies within the Department of Corrections.  A single erroneous application of the Department's rules can be corrected within the Department without the need for intervention by a federal court.

The Prison Litigation Reform Act requires exhaustion of administrative remedies as a prerequisite to federal court relief of the type now at issue.  And preliminary injunctive relief is available only when a party otherwise would suffer

irreparable harm.  Finally, even if the exhaustion and irreparable harm

requirements were deemed not technically applicable to a request like that now

before the court, I would deny relief as a matter of discretion, because there has

been no showing of any need for judicial intervention.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the further

opinion of the court.  The plaintiff Donald Halpin's motion for court order

(document 79) is DENIED.  This matter is remanded to the magistrate judge for

further proceedings.

SO ORDERED on June 20, 2008.

s/Robert L. Hinkle
Chief United States District Judge