IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANA CECILIA HALPIN,
FRANK EDWARD SWANSON,
and DONALD EUGENE HALPIN,

    Plaintiff,

vs.                                    Case No. 4:06cv457-RH/WCS

MONICA DAVID,
ALLEN CLARK, et al.,

    Defendants.

_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiffs requested entry of default against Defendant Jimmie Lee Henry, doc. 106, on September 2, 2008. Noting that Defendant Henry had been served with process and served with the second amended complaint, and finding that Defendant Henry had failed to respond, the Clerk was directed to enter default against Defendant Henry pursuant to Rule 55(a). Doc. 110. The Clerk's default was entered on September 9, 2008. Doc. 111.

Thereafter, Plaintiffs filed a motion for default judgment against Defendant Henry in the amount of $25,000. Doc. 118. Ruling was deferred, and Plaintiffs were ordered

to submit an accounting which set forth the basis for the $25,000 damage award sought against Defendant Jimmie Lee Henry in their motion for default judgment, doc. 118. Docs. 123, 132.  Plaintiffs have responded.  Doc. 136 (Plaintiff's response), doc. 141 (Swanson affidavit), doc. 142 (Ana Cecilia Halpin affidavit), and doc. 146 (amended Ana Cecilia Halpin affidavit).[1]  The affidavits generally set forth funds expended by those Plaintiffs to hire an attorney to represent Plaintiff Donald Halpin, doc. 141, and in paying for expenses related to the clemency and parole hearings, docs. 142 and 146.

Defendant Crosby filed a response to Plaintiffs' motion, doc. 118, noting that Plaintiffs alleged that Defendant Henry was engaged in a "common scheme to defraud."  Doc. 124.  As relief, Plaintiffs seek monetary damages against all Defendants jointly.  *Id.*  Thus, Defendant Crosby requests that default judgment not be entered "until the liability of all parties is determined."  Doc. 124, p. 2, *citing* Frow v. De La Vega, 82 U.S. 552, 15 Wall. (82 U.S.) 552, 21 L. Ed. 60 (1872).  Defendant Crosby also points to Gulf Coast Fans v. Midwest Electronics, 740 F.2d 1499 (11th Cir. 1984), as support for the notion that a defaulted Defendant should not have judgment entered against him until it is determined whether Plaintiffs can prevail on the merits.  In other words, a default judgment should not be entered until it is known that the remaining un-defaulting Defendants will not be subject to an incongruous damages verdict.  *Id.*, at 3.

Defendant Crosby's arguments are persuasive.  This Court is bound to follow the United States Supreme Court, especially when a decision has stood for one hundred and thirty-six years.  The Court held in Frow that "where multiple defendants are jointly

---

[1] A motion to correct Ana Cecilia Halpin's affidavit, doc. 145, was granted in a separate order entered this day.

liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants." Drill South, Inc. v. International Fidelity Ins. Co., 234 F.3d 1232, 1237, n.8 (11th Cir. 2000), *explaining* Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 554, 21 L.Ed. 60 (1872). Frow is applicable "when there is a risk of inconsistent adjudications." Drill, 234 F.3d at 1237, n.8, *citing* In re Uranium Antitrust Litigation, 617 F.2d 1248, 1257-58 (7th Cir. 1980); WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE; CIVIL 2D § 2690 (1983-1997). There is a risk of inconsistent judgments in this case, depending on whether Plaintiffs can prevail as to other Defendants on the same legal theory of joint action.

As explained by the Court in Frow, when one defendant defaults but the case proceeds against other jointly charged defendants, the court should simply "enter a default and a formal decree *pro confesso* against [the defaulting party], and proceed with the cause upon the answers of the other defendants."

> The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike – the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Frow v. De La Vega, 82 U.S. at 554. Because the Defendants are alleged to have acted jointly in a common scheme, and Plaintiffs seek joint liability, the motion for default judgment, doc. 118, should be denied without prejudice.

Defendants Dunphy, David, Pate, Summers, Keels, and McNeil also oppose granting the motion for default judgment, arguing *inter alia* that 42 U.S.C. § 1997e(g) does not authorize a default judgment in this case. Doc. 125. These Defendants posit that§ 1997e(g) allows a Defendant to "waive the right to reply to" an action brought by a prisoner, and that such a waiver is not an admission of the allegations in the complaint, that Defendant. *Id.*, at 2. That being so, process was served on Defendant Henry and all Defendants were ordered by this Court to respond to the amended complaint, doc. 8, and to the second amended complaint, doc. 90. While § 1997e(g) permits a defendant to waive the right to answer, in this case Defendant Henry (and all Defendants who had been served) was ordered to respond but failed to do so. While § 1997e(g) allows a Defendant to wait to respond until directed to do so, "without being deemed to have admitted the complaint's allegations," it is not accepted that § 1997e(g) permits a Defendant to ignore a court order directing a response. Kettering v. Larimer County Detention Center, 2008 WL 324127, 1 (D. Colo., 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007) (recognizing that under the PLRA, "defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint."). Defendants have not presented any case law to support the argument that § 1997e(g) immunizes a Defendant from a default after being ordered to respond.[2]

---

[2] Some courts have held in generally unpublished opinions that § 1997e(g) "bars plaintiff from obtaining an entry of default . . . because defendants have no obligation to reply to the complaint until ordered by the court." Boling v. Corrections Medical Service 2007 WL 2515222, 1 (E.D. Mich.), *quoting* Stevenson v. MDOC, 2007 WL 1202310, *1 (W.D. Mich.2007); *citing* Banks v. Percher, No. 4:04-cv-764, 2006 WL 1878330 at *2

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' motion for a default judgment against Defendant Jimmie Lee Henry, doc. 118, be **DENIED** without prejudice, and this case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2008.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

(M.D. Pa. July 6, 2006); Griffin v. Foti, No. Civ. A 03-1274, 2003 WL 22836493 at *1 (E.D. La. Nov.24, 2003). *But see* Martinez v. NYCPD Midtown, 1998 WL 13855 (S.D. N.Y. Jan.15, 1998)(denying the motion for default judgment, ordering defendants to answer the complaint, and finding that "the right to waive a reply . . . does not excuse the defendants' failure to apprise the Court of their position until after judgment was entered."); *see also* Olmstead v. Balcarecel, 2007 WL 2121937, 3 (E.D.Mich., 2007) (finding that a default judgment was not appropriate because Defendants had not been ordered to submit an answer yet).

Case No. 4:06cv457-RH/WCS