IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANA CECILIA HALPIN et al.,

      Plaintiffs,

v.                                                    CASE NO. 4:06cv457-RH/WCS

MONICA DAVID, et al.,

      Defendants.

_____/


**<u>ORDER DENYING MOTION FOR DEFAULT JUDGMENT</u>**


      The plaintiffs assert claims against multiple defendants under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act as well as under state law. One of the defendants, Jimmie Lee Henry, has defaulted. The clerk has entered a default. The plaintiffs have moved for a default judgment. The motion is before the court on the magistrate judge's report and recommendation (document 156) and the objections (document 163). I have reviewed *de novo* the issues raised by the objections.

      Under *Frow v. De La Vega*, 82 U.S. (14 Wall.) 552 (1872), a default judgment may not be entered against a defendant who is in default but whose

liability, if any, is joint with that of a codefendant. Liability on a tort claim—including a statutory tort claim of the kind asserted in this case—ordinarily is joint and several, not merely joint. Whether *Frow* applies when the defendants' liability is joint and several, not strictly joint, is unclear. *Compare, e.g., Kimberly v. Coastline Coal Corp.*, 1988 WL 93305, at *3 (6th Cir. 1988) (indicating that *Frow* applies only when liability is joint), *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257-58 (7th Cir. 1980) (same), *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2d Cir.1976) (same), *and Carter v. District of Columbia*, 795 F.2d 116, 137 (D.C. Cir. 1986) (same), *with, e.g., United States ex rel. Costner v. United States,* 56 Fed. Appx. 287, 288 (8th Cir. 2003) (indicating that *Frow* applies when liability is joint and several), *and United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (same). The Eleventh Circuit has cited the leading federal practice treatises for the proposition that "even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). *See* 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure: Civil § 2690, at 76 (3d ed. 1998); 6 James Wm. Moore et al., Moore's Federal Practice ¶ 55.06 (2d ed. 1983).

*Case No: 4:06cv457-RH/WCS*

This issue need not be resolved at this point in this litigation. Under Federal Rule of Civil Procedure 55(a), the clerk "must" enter a default against a party who is in default, and under Rule 55(b)(1) the clerk "must" enter a default judgment if the claim is for a sum certain. But when, as in the case at bar, the claim is not for a sum certain, Rule 55(b)(2) provides that a default judgment may be entered only at the direction of the court. Rule 55(b)(2), unlike Rule 55(b)(1), does not say that judgment "must" be entered. Instead, the court has discretion. *See, e.g., In re Prischmann*, 81 Fed. Appx. 139, 140 (9th Cir. 2003) ("Rule 55 gives the trial court discretion to grant or deny a default judgment, which we review for abuse of discretion."); *United States v. Ragin*, No. 94-1970, 1997 WL 268576, at *2 (4th Cir. 1997) ("Rule 55(b)(2) allows the court in its discretion to enter a judgment of default where the party entitled to the judgment applies to the court . . .").

Moreover, under Federal Rule of Civil Procedure 54(b), the court "may" direct the entry of a judgment on fewer than all claims or among fewer than all parties, but "only if the court expressly determines that there is no just reason for delay." The court has discretion whether to direct the entry of a judgment. This is a discretion that district courts exercise regularly—sometimes directing the entry of judgment, but often choosing not to do so. The discretion applies not only when a claim is adjudicated on the merits, but also when there has been a default. *See In re*

*Uranium Antitrust Litigation*, 617 F.2d 1248, 1258 (7th Cir. 1980) (noting that "the entry of default judgment can be viewed as a simple exercise in the procedures set out in Rules 54 and 55 of the Federal Rules of Civil Procedure," and noting further that under Rule 54(b), the court has discretion and thus may withhold the entry of judgment); *see also Vann v. Citicorp Savings of Ill.*, 891 F.2d 1507, 1510 (11th Cir. 1990) (noting that Rule 54(b) makes the district court the "dispatcher" of appeals in multi-party multi-claim actions); *Bache & Co. v. Taylor*, 458 F.2d 395, 395 (5th Cir.1972) (holding that the absence of a Rule 54(b) certificate prevented a default judgment from becoming a final judgment).

At the very least, therefore, I have discretion to withhold an express direction to enter judgment. I exercise that discretion here. No default judgment will be entered against Mr. Henry at this time.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The plaintiffs' motion for a default judgment against the defendant Jimmie Lee Henry (document 118) is

DENIED.  This case is remanded to the magistrate judge for further proceedings.

    SO ORDERED on February 19, 2009.

                                              <u>s/Robert L. Hinkle</u>
                                              Chief United States District Judge