IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANA CECILIA HALPIN et al.,

    Plaintiffs,

v.                                    CASE NO. 4:06cv457-RH/WCS

MONICA DAVID et al.,

    Defendants.

_____/

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT ALCORN**

    This case is before the court on the magistrate judge's report and recommendation of April 7, 2009 (document 183) and the objections (document 191). I have reviewed *de novo* the issues raised by the objections.

    The report and recommendation addresses the claims against the defendant Tyler Alcorn. The second amended complaint seeks relief against Mr. Acorn and others primarily under the federal and state Racketeer Influenced and Corrupt Organizations Acts, 18 U.S.C. §§ 1961 et seq., and Fla. Stat. §§ 895.01 et seq. The plaintiffs have moved for leave to file a third amended complaint adding a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla.

Stat. § 501.201 et seq., and a claim for loss of consortium. The report and recommendation concludes that the claims against Mr. Alcorn should be dismissed and that leave to file the third amended complaint should be denied.

I accept the report and recommendation without reaching all the grounds it advances in support of the result. The plaintiffs' RICO claim against Mr. Alcorn is based on his alleged participation in a kickback scheme that artificially inflated prices in the Florida prison commissaries. The plaintiffs cannot recover on this claim because the alleged kickback scheme caused no sufficiently direct injury to the plaintiffs. This lack of a sufficiently direct injury—sometimes labeled a lack of standing or an absence of a RICO injury—is fatal to the RICO claim against Mr. Alcorn.

The plaintiffs' effort to amend does not save their case against Mr. Alcorn. As the report and recommendation correctly concludes, the proposed amendment comes late in prolonged litigation and would unduly delay the resolution of the existing claims. This standing alone would be a sufficient basis for denying leave to amend. Moreover, neither of the new claims is one on which relief can be granted.

The plaintiffs' FDUPTA theory is that the defendants caused the Florida Department of Corrections to charge excessive prices in its commissaries because of an illegal kickback scheme. Charging a fully disclosed but excessive price

ordinarily is not a deceptive or unfair trade practice, but a Florida statute, § 945.215(e), requires competitive prices in prison commissaries.  It is far from clear that the statute creates a private right of action for damages or that a violation of the statute is a deceptive or unfair trade practice within the meaning of FDUPTA.  Those issues need not be addressed here, however, because even if an action would lie for causing the Department to charge excessive prices, the plaintiffs' proffered claim would remain defective.  The plaintiffs have failed to allege facts—as opposed to mere conclusions—plausibly supporting the claim that Mr. Alcorn had anything to do with the prices the Department charged in its commissaries.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007).

The plaintiffs' consortium claim is unfounded because a consortium claim will not lie based only on an economic injury.  No Florida case has recognized a consortium claim for an injury of this kind, and the prevailing view is that no such claim exists.  *See, e.g., Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 790-91 (6th Cir. 2007) ("[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers *bodily injury*.") (emphasis in original) (quoting *Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384, 392 (Ohio 1992)); *Pahle v.*

*Page 4 of 4*

*Colebrookdale Township*, 227 F. Supp. 2d 361 (E.D. Pa. 2002).

In sum, the plaintiffs' second amended complaint fails to state a claim against Mr. Alcorn on which relief can be granted; their proposal to amend the complaint to add FDUPTA and consortium claims comes too late; and the proffered amendment fails to state FDUPTA and consortium claims on which relief could be granted.  Accordingly,

IT IS ORDERED:

1.  The report and recommendation (document 183) is ACCEPTED.

2.  The plaintiffs' motion for leave to amend (document 180) is DENIED.

3.  The defendant Tyler Alcorn's motion to dismiss (document 157) is GRANTED.  All claims against Mr. Alcorn are dismissed.

4.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5.  The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on June 22, 2009.

s/Robert L. Hinkle
Chief United States District Judge

*Case No: 4:06cv457-RH/WCS*