**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

ANA CECILIA HALPIN et al.,

Plaintiffs,

v. CASE NO. 4:06cv457-RH/WCS

MONICA DAVID et al.,

Defendants.

_________________________________/

**ORDER DENYING MOTION TO DISMISS EQUAL-PROTECTION PAROLE-FOR-BRIBES CLAIM AND DISMISSING OTHER CLAIMS**

This case arises from alleged misconduct of Florida prison and parole officials. One kind of misconduct was accepting bribes in exchange for granting parole. Another was taking kickbacks on purchases of merchandise for Florida prison commissaries. The plaintiffs are a Florida inmate who says he refused to pay a bribe, his wife, and a person who paid an attorney to represent the inmate in seeking parole. The plaintiffs seek to recover under the Racketeer Influenced and Corrupt Organizations Act, under 42 U.S.C. § 1983 for the denial of equal protection, and on other theories.

The plaintiffs have named 13 individual-capacity defendants and one official-capacity defendant: the Secretary of the Department of Corrections. Now before the court are motions to dismiss filed by the Secretary and 10 of the 13 individual-capacity defendants. The magistrate judge has entered three reports (documents 194, 195, and 196) recommending that the motions be granted. The plaintiffs—the inmate Donald Eugene Halpin, his wife Ana Cecilia Halpin, and the attorney's fee benefactor Frank Edward Swanson—have filed three sets of objections (documents 200, 201, and 202). I have reviewed *de novo* the issues raised by the objections. The pleading at issue is the second amended complaint.

I accept the recommendation for dismissal of the plaintiffs' claims with this exception: I deny the motion to dismiss Mr. Halpin's equal-protection claim against the defendant Monica David, one of the defendants who allegedly took bribes for favorable parole consideration. The other defendant who allegedly took bribes, Jimmie L. Henry, is in default and has not moved to dismiss. The case will remain pending only on Mr. Halpin's equal-protection claim against Ms. David and Mr. Henry.

This order addresses only specific matters that warrant discussion beyond the analysis provided in the magistrate judge's reports.

## I

The plaintiffs' equal-protection claim focuses primarily on matters other

than the parole-for-bribes scheme. The plaintiffs assert, for example, that Mr. Halpin suffered retaliation for filing other claims. Those allegations do not survive the motions to dismiss for the reasons set out in the magistrate judge's reports.

But the equal-protection claim also includes an allegation that Mr. Halpin was "denied equal treatment in parole and clemency hearings with those inmates . . . who pay bribes" to the defendants. Second Am. Compl. (document 90) at 27 ¶ 85. Treating parole applicants differently based on whether they pay bribes is an equal-protection violation.

The defendants say, though, that the plaintiffs have failed to allege the bribery scheme with sufficient particularity. As the defendants acknowledged at oral argument on the motions to dismiss, their assertion, at least in part, is that the plaintiffs' allegations are not true.

The Supreme Court recently set forth the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. [544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007)] (quoting *Conley v. Gibson*, 355 U.S. 41, 47[, 78 S. Ct. 99, 2 L. Ed. 2d 80] (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra*, at [555] (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1[, 122 S. Ct. 992,

> 152 L. Ed. 2d 1] (2002); *Neitzke v. Williams*, 490 U.S. 319, 327[, 109 S. Ct. 1827, 104 L. Ed. 2d 338] (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236[, 94 S. Ct. 1683, 40 L. Ed. 2d 90] (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The court must accept the complaint's factual allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action alone sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* at 1949-50 (emphasis added).

The second amended complaint alleges that the defendants Jimmie L. Henry and Monica David made it a practice to take bribes from inmates in exchange for favorable parole consideration. *See* Second Am. Compl. (document 90) at 19 ¶ 67(c)(2). That a defendant took a bribe is a factual allegation that must be accepted as true. The second amended complaint adequately alleges an equal-protection claim on behalf of Mr. Halpin against Mr. Henry and Ms. David.

But the second amended complaint does not adequately allege a claim on behalf of the other plaintiffs or against the other defendants. The other plaintiffs lack standing to attack the handling of Mr. Halpin's parole application. And the allegation that the other defendants conspired with Mr. Henry and Ms. Dunphy is the very kind of conclusory allegation that, under *Twombly* and *Iqbal,* need not be accepted as true. Indeed, *Twombly* itself rejected a conspiracy allegation, and *Iqbal* rejected an attempt to bring in defendants without factual allegations showing their involvement in the alleged wrongdoing.

The equal-protection claim thus will go forward only on the allegation that Mr. Henry and Ms. David denied Mr. Halpin equal protection by considering his parole application based not on the merits but on his failure to pay a bribe.

II

The report sets out several deficiencies in the RICO claim. This order dismisses the claim based only on the absence of a sufficiently direct injury.

A RICO plaintiff must allege an injury that occurred "by reason of" the RICO violation. 18 U.S.C. § 1964(c). The Supreme Court has said this requires not only but-for causation but also proximate causation. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268-69, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992); *see also Green Leaf Nursery v. E.I. Dupont*, 341 F.3d 1292, 1307 (11th Cir. 2003). Proximate cause exists only if the causal connection between the injury and the RICO violation is direct, not incidental or indirect. *See Green Leaf*, 341 F.3d at 1308 ("The test for RICO standing is whether the alleged injury was directly caused by the RICO violation, not whether such harm was reasonably foreseeable.") (internal citations omitted).

Here the plaintiffs' alleged RICO injury consists of attorney's fees and travel expenses that they incurred in connection with the rigged parole hearing. This does not satisfy the element of but-for causation, let alone the more exacting requirement for proximate causation. Rigged or not, the inmate plaintiff's parole

hearing was going to take place, and the plaintiffs were going to incur the attorney's fees and travel expenses that they in fact incurred. That the hearing was rigged—that there was a RICO violation—thus was not a but-for cause of the expenses.

This conclusion draws support from *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396 (7th Cir. 2006). There the plaintiff asserted a RICO claim that the Seventh Circuit characterized as bid rigging. The court upheld a judgment on the pleadings for the defendants because the plaintiff failed to show that it would have gotten a contract in the absence of the bid rigging; the plaintiff thus failed to show "that its injuries were proximately caused by the bid-rigging scheme." 453 F.3d at 404. The court did not specifically address the expenses that the plaintiff undoubtedly incurred to submit bids, perhaps because those expenses plainly would have been incurred anyway, even in the absence of the bid rigging.

The same is true here. Just incurring expenses to participate in a process the plaintiff would have participated in anyway, even in the absence of any violation, is not an injury directly caused by the violation.

Nor would it change the outcome if the plaintiffs asserted that the inmate plaintiff would have been paroled but for the bribery scheme. A denial of parole is not, without more, an injury to "business or property" as required for a RICO claim. More importantly, a claim that depends on the assertion that an inmate

would have been released is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck*, a state prisoner cannot properly pursue a civil claim that, if successful, necessarily would indicate that the prisoner's incarceration is improper, unless and until the conviction is vacated.

Parenthetically, it should be noted that the RICO claim does not fail for failure to plead with particularity under Federal Rule of Civil Procedure 9(b). The RICO claim is based on bribery, not fraud. The Eleventh Circuit has held that "RICO predicate acts not sounding in fraud need not necessarily be pleaded with the particularity required by Fed.R.Civ.P. 9(b)." *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355-56 (11th Cir. 2008). Particularity is required for a nonfraud claim only when it is pleaded as an alternative to a fraud claim and "the same misrepresentation forms the basis of both the fraud and non-fraud claim." *Id.* at 1356. Taking a bribe, or denying parole for failing to pay a bribe, is not a misrepresentation at all, but it can be a RICO predicate act.

III

The plaintiffs' allegations under the Florida open-meeting statutes, *see* §§ 286.011 & 947.06, Fla. Stat., fail to state a claim on which relief can be granted in this court.

First, the statutes do not create a private right of action for damages. Courts have explicitly so held for § 286.011. *See Dascott v. Palm Beach County*, 988 So. 2d 47, 47-48 (Fla. 4th DCA 2008); *Sinclair v. Town of Yankeetown*, No. 1:07cv035, 2008 WL 660089, at * 4 (N.D. Fla. Mar. 7, 2008). And more generally, in Florida a statute gives rise to an implied private right of action only if the statutory scheme and text indicate a legislative purpose to create one. *See Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). Nothing in the statutory scheme or text of § 947.06 indicates a legislative purpose to create a private right of action for damages.

Second, the statutes do create a private right of action for injunctive relief, but the Eleventh Amendment bars pursuit of such a claim in federal court. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (holding that the Eleventh Amendment bars any claim for injunctive relief based on state law against a state or against a state officer in his or her official capacity).

IV

The plaintiffs tendered a third amended complaint, but leave to file it was denied. In their objections to the reports and recommendations now before the court, the plaintiffs continue to complain of that decision. It is a point of no importance. The third amended complaint makes no change to the second that

would affect the further progress of the case.

The proposed third amended complaint does two things. First, it tweaks the claims asserted in the second amended complaint. But the new allegations are not materially different. Under either version, Mr. Halpin's equal-protection claim would go forward in the same way against the defendants who allegedly took bribes, and the other claims would be dismissed.

Second, the third amended complaint adds two new claims: a claim under the Florida Unfair and Deceptive Trade Practices Act; and a claim for loss of consortium. Each new claim fails to state a claim on which relief can be granted. This is so for the reasons set out when the issue first came before the court. *See* Order Dismissing Claims Against Defendant Alcorn, June 22, 2009 (document 193) at 2–4.

V

For these reasons and those set out in the reports and recommendations,

IT IS ORDERED:

1. The reports and recommendations (documents 194, 195, and 196) are ACCEPTED IN PART.

2. The motion (document 105) of the defendants Monica David, Frederick B. Dunphy, Tena M. Pate, Linda Scheeler Summers, and Janet H. Keels, in their individual capacities, and Walter A. McNeil, in his official capacity, to dismiss the

second amended complaint is GRANTED IN PART and DENIED IN PART. The claims against these defendants are dismissed with prejudice except that (a) Mr. Halpin's equal-protection claim against Mr. Henry and Ms. Dunphy based on the alleged parole-for-bribes scheme is not dismissed, and (b) the open-meetings claim for injunctive relief is dismissed without prejudice based on the Eleventh Amendment.

3. The motions of the defendants Edward L. Dugger (document 126), Ms. Spittler and Connice West (document 131), Henry W. Boyd (document 152), and Allen Clark (document 173) to dismiss the second amended complaint are GRANTED. All claims against these defendants are dismissed with prejudice, except that the open-meetings claim for injunctive relief is dismissed without prejudice based on the Eleventh Amendment.

4. I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on September 10, 2009.

s/Robert L. Hinkle
United States District Judge